IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **TEXAS LIFE INSURANCE COMPANY,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 3:05-cv-112 |
| | : | |
| v. | : | |
| | : | |
| **FRANK HAMMOND ENGLISH and** | : | |
| **HTM CONSERVATOR, LLC,** | : | |
| | : | |
| Defendants. | : | |

*ORDER ON DEFENDANT HTM CONSERVATOR'S MOTION TO DISMISS*

Before the Court is Defendant HTM Conservator, LLC's Motion to Dismiss [Doc. 13]. Plaintiff has filed a Response [Doc. 16] and Defendant has filed a Reply [Doc. 18]. Defendant has also filed a supplemental memorandum [Doc. 19], which the Court will consider. Having considered the briefs, the supplemental memorandum, and the applicable law, the Court concludes that Defendant's motion is **GRANTED**.

*BACKGROUND*

Plaintiff Texas Life Insurance Company ("Texas Life") brings this action against Frank Hammond English ("English") and HTM Conservator, LLC ("HTM") seeking to rescind a life insurance policy it issued to English. Texas Life alleges that English failed to disclose that he had been diagnosed with AIDS at the time he applied for, and accepted delivery of, a $75,000 life insurance policy. Texas Life further alleges that it would not have issued the policy had it known of English's true medical condition. Through a course of events discussed in greater detail below, HTM became the owner of English's policy. HTM seeks dismissal of the present

action on various grounds, including lack of subject matter jurisdiction.  Because this grounds is dispositive, it is the only one discussed in this Order.

## *FACTS*

In June 1995, English applied for, and received, a $75,000 life insurance policy from Texas Life.  In his policy application, English allegedly misrepresented his medical condition; specifically, he denied having been diagnosed with AIDS.  After accepting delivery of the policy, English sold it to a company by the name of "Accelerated Benefits Corporation" ("ABC") for a discounted cash payment.

Before its dissolution, ABC was a viatical settlement company engaged in the business of purchasing life insurance policies from terminally ill and elderly insureds ("viators") and matching investors willing to invest in the purchase of those policies.  Generally, ABC would purchase life insurance policies from terminally ill or elderly individuals in exchange for a cash payment of a fraction of their face value.  ABC would then transfer ownership of the policies to its escrow agent, American Title Company of Orlando ("ATCO").  Meanwhile, ABC brokers would seek out individual investors to fund the purchase of those policies.  As part of the investment agreement, ABC promised to pay individual investors a specified amount upon the maturity of a given policy.

In 2001, ABC and ATCO were investigated for, and convicted of, securities fraud in an Oklahoma state court.  In lieu of ordering ABC and ATCO to pay restitution to their victims, the court placed certain assets belonging to those companies, including the life insurance policy at issue in this case, under receivership.  In doing so, the Oklahoma court reasoned that requiring restitution would lead to the insolvency of ABC and ATCO and impede the companies' ability to

pay premiums on the life insurance policies they owned.  In a "Conservatorship Order," dated February 6, 2002, the court appointed H. Thomas Moran, II the receiver of those assets.  With the permission of the Oklahoma court, Moran then formed HTM for the purpose of carrying out the order.  Since its inception, HTM has serviced the viaticals on behalf of the ABC investors—it pays policy premiums, tracks viator health, and collects and distributes death benefits on matured policies.

## *MOTION TO DISMISS*

In its Motion to Dismiss, HTM argues that this Court lacks subject matter jurisdiction to decide Texas Life's claims because the conservatorship order vests exclusive jurisdiction over HTM's assets in the Oklahoma state court.  As a general rule, a receiver cannot be subjected to suit without leave of the court that appointed him.  Barton v. Barbour, 104 U.S. 126, 127 (1881); see also Porter v. Sabin, 149 U.S. 473, 479-80 (1893); 75 C.J.S. Receivers § 416 (2006); 65 Am. Jur. 2d Receivers § 384 (2006).  The purpose of this rule is to preserve the assets of the receivership for the benefit of all creditors equally and to protect the receivership from the expense of unnecessary litigation.  See Barton, 104 U.S. at 127; 65 Am. Jur. 2d Receivers § 384 (2006).  In addition, the Supreme Court has explained that the placement of property under receivership by one court deprives other courts of jurisdiction over that property.  Porter, 149 U.S. at 480 ; see also Goldmark Friendship, LLC v. Am. Express Tax & Bus.Servs., Inc., 304 F.3d 353, 357 (4th Cir. 2002) ("When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts.  The latter courts, although of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession

of the property while it is in the custody of the court which has seized it.") (quoting <u>Wabash R. Co. v. Adelbert Coll.</u>, 208 U.S. 38, 54 (1908)).

In this case, the life insurance policy at issue is property of a receivership established by an Oklahoma state court. As such, it falls squarely within the general rule requiring those seeking to sue a receiver regarding receivership assets to first obtain leave from the court establishing the receivership. Texas Life sought leave from the Oklahoma court to sue HTM in this Court, and the Oklahoma court denied Texas Life's request. In its Order denying Texas Life's request, the Oklahoma court explained that in order to pursue an action against HTM or any of its assets, Texas Life must intervene in the Oklahoma action. Because the Oklahoma court denied Texas Life's request for leave to sue HTM in this Court, this Court is without jurisdiction to entertain Texas Life's claims against HTM. Accordingly, HTM's Motion to Dismiss is **GRANTED**.

**SO ORDERED**, this 17th day of November, 2006.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

AEG/ehe